UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

URIEL ALVAREZ-MENESES,

        Petitioner,                     Case No. 1:26-cv-555

v.                                        Hon. Hala Y. Jarbou

ANGELA DUNBAR et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled verified petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6.)

In an order entered on February 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 25, 2026, (ECF No. 4), and Petitioner filed his reply on February 27, 2026, (ECF No. 6).

**II.    Factual Background**

Petitioner is a citizen of Mexico who entered the United States in 2005. (Pet., ECF No. 1, PageID.4–5.) On December 12, 2024, Petitioner was arrested by ICE. (*Id.*, PageID.5.) On February 6, 2025, a custody redetermination hearing was held before the Chicago Immigration Court. (*Id.*, PageID.6.) At the conclusion of that hearing, the immigration judge granted Petitioner a $5,000 bond. (*Id.*; Feb. 6, 2025, Immigration Judge Order, ECF No. 1-2, PageID.23.) Petitioner posted bond and was released from custody on March 6, 2025. (Pet., ECF No. 1, PageID.5.)

Petitioner was again arrested by ICE agents on October 4, 2025. (*Id.*) On December 2, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Alvarez-Meneses v. Raycraft*, (*Alvarez-Meneses I*), No. 1:25-cv-1666 (W.D. Mich.).

On December 22, 2025, the Detroit Immigration Court held a custody redetermination hearing and denied Petitioner's request for bond because Petitioner "is [a] danger due to his three DWI arrests." (Dec. 22, 2025, Immigration Judge Order, ECF No. 1-6, PageID.33.) Thereafter, this Court dismissed *Alvarez-Meneses I* as moot because Petitioner received a § 1226 bond hearing, which was the relief that he sought in his § 2241 petition. *Alvarez-Meneses I*, No. 1:25-cv-1666 (W.D. Mich. Jan 28, 2026.)

**III.    Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   Merits Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on December 22, 2025. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that because Petitioner "is [a] danger due to his three DWI arrests." (Dec. 22, 2025, Immigration Judge Order, ECF No. 1-6, PageID.33.)

In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that the finding that Petitioner is a danger is inconsistent with the fact that an immigration judge previously granted Petitioner bond on February 6, 2025. Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d

at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: March 9, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE